[S. F. No. 15786. In Bank.—July 23, 1937.]

FRED R. BUTTERFIELD et al., Respondents, v. FRANK GENTLES, Appellant.

Walter A. Dold for Appellant.

Francis N. Foley for Respondents.

SEAWELL, J.—Plaintiffs Fred R. Butterfield and Metta W. Butterfield, his wife, brought this action for specific performance of a contract whereby defendant Frank Gentles agreed to purchase real property in San Mateo County owned by them. The trial court held that plaintiffs were entitled to a decree of specific performance, but that defendant should be repaid the sum of $100 from the amount theretofore deposited by him in escrow as a part of the purchase price. Defendant Gentles appeals from the judgment.

The property which was the subject of the contract of sale is located in a sparsely settled, unincorporated area in San Mateo County known as the Devonshire Properties Subdivision and consists of five adjoining lots, with the furnished house thereon. Defendant observed a newspaper advertisement offering the property for sale on March 8, 1936, and on that day viewed the property and very readily signed the contract, which is in the form of a California Real Estate Association deposit receipt, and fixed a purchase price of $5,000, of which $2,500 was payable in cash and the balance was to be represented by a note and deed of trust. Defendant made a deposit of $250 upon signing the contract, and thereafter deposited the balance of the $2,500 in escrow. Subsequently, on April 20, 1936, he gave instructions not to close the deal, or to release to plaintiffs the purchase money deposited in the escrow, and refused to complete the contract on the ground that plaintiff had not satisfied certain terms of the contract pertaining to a rock roadway, and that the garage was not located entirely on the property.

Under the contract of sale the seller was required to place rock three inches thick on the road leading from the garage to an upper road, a distance of about 1100 feet. Defendant contends that the rock placed upon the road did not comply with the contract in that the rock covering was not three inches thick. The court found: ''That it is true that plaintiffs agreed to rock the road from the garage on the premises in question, for a distance of eleven hundred feet with three inches of rock; that it is true that rock has not

been installed at a uniform thickness of three inches on said road, but that where outcroppings of rock appear on said road, the installed rock is less than three inches in thickness and that at other places where there was greater need the installed rock is of greater thickness than three inches; that the requisite quantity of rock to cover the said road at a uniform thickness of three inches has been installed and that the failure to install said rock at said uniform thickness is entirely immaterial.''

There is evidence to support this finding, although defendant testified that he inspected the road and at no place was the rock covering three inches thick. The trial court resolved conflicts in the evidence in favor of plaintiffs. In the light of the above finding it cannot be held that the condition of the roadway justified defendant in refusing to complete the contract. The provision in the contract is as follows: ''Road from garage to be graded and 3″ Rock to upper Road.'' As stated in a letter from the seller dated April 12, 1936, the obligation was ''to rock the road from the garage to Club Drive a distance of approximately 1100 feet, rock to be 3 inches thick and rolled with a culvert installed''. We are of the view that the facts found by the trial court constitute a substantial compliance with the contract in this regard.

As to the matter of the garage, it appears that one corner of the garage extends beyond the front line of the property and onto the public roadway, which is not straight, but curving. The portion encroaching on the public roadway is triangular in shape and at its widest point is four feet, six inches. The $100 allowed defendant by the court in decreeing specific performance for plaintiffs was to defray the cost of moving the garage off the roadway. Section 3392, of the Civil Code, provides: ''Specific performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party, except where his failure to perform is only partial, and either entirely immaterial, or capable of being fully compensated, in which case specific performance may be compelled, upon full compensation being made for the default.''

The garage herein is a frame structure built on sills without foundation or floor. It is located partly on lot 31

and partly on lot 30. Said lots are hilly and slope upward from the roadway. Lot 30 was transferred to the seller herein by a separate deed which contained restrictions not present in the deed transferring the other four lots, including a provision as to lot 30 only that no building should be closer than fifteen feet to the front street line. The garage as built not only encroaches on the public roadway, but also violates the fifteen-foot setback restriction. If in removing the garage from the roadway it should be permitted to remain partly on lot 30, in which event compliance with the above restriction would necessitate placing it fifteen feet back from the front line of the property, the sum of $100 might prove insufficient to defray the cost of relocating the garage. But the more extensive excavations which would be required so to place the garage may be avoided in part by bringing it forward entirely onto lot 31, as to which there is no fifteen-foot setback restriction, and off the public roadway.

Plaintiffs' witness Hills, who had done the excavation for the present location of the garage and placed the rock upon the roadway as required by the contract herein, testified that the total cost incident to relocation of the garage entirely on lot 31 would not exceed $75. It is true that a witness for defendant placed this cost at a higher figure and at more than the sum of $100 allowed by the court below. But the trial court's decision on this question of fact is binding on this court.

It cannot be said that defendant is not fully compensated by the allowance of the cost of relocation of the garage. Photographs of the garage showing its location with reference to the roadway and hilly lots 30 and 31 are part of the record on appeal. They reveal that the relocation of the garage is a relatively simple matter, and will not materially affect the value of the property having regard either to aesthetic considerations or convenience of use. Defendant contended that bringing the garage forward will reduce the space for turning an automobile around on the roadway. The trial court considered the physical facts pertaining to the property as indicated by maps, plats, and photographs, and by its findings and judgment for plaintiff rejected the contention that after relocation of the garage sufficient space would not remain

for convenient operation of automobiles using the garage, or for parking space adjacent to the property.

We have considered all questions necessary for a decision of the cause. It was clearly a problem for the trial court to determine upon a full consideration of the facts presented by the evidence.

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Nourse, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.